## Turner-Hudnut Co. v. George Vaupel.

1. VERDICT—*when not set aside.* A verdict will not be disturbed where no error of law has been committed, and the issue was one of fact upon which the evidence was conflicting, notwithstanding the reviewing tribunal may not be fully satisfied with the verdict.

Assumpsit for breach of contract. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

PRETTYMAN & VELDE, for appellant.

W. R. CURRAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action of assumpsit brought by appellant against appellee to recover damages for a breach of an alleged contract to deliver fifteen hundred bushels of corn. The proceeding was instituted before a justice of the peace where a trial was had without a jury, which resulted in judgment against the defendant for one hundred and fifty dollars. The case was appealed to the Circuit Court where a trial by jury resulted in a verdict for the defendant. A motion for a new trial being overruled, the court rendered judgment for costs against the plaintiff.

To reverse this judgment the plaintiff brings the case to this court by appeal, and argues that the verdict is contrary to the weight of the evidence, and that the court erred in passing upon the instructions.

It appears from the evidence that appellee is a farmer residing at or near Groveland in Tazewell County of this state; that on the 15th day of July, 1901, he met William Freidinger, agent of appellant, at Groveland, and they had some conversation about the sale of fifteen hundred bushels of corn owned by appellee. Freidinger testifies that he then and there purchased the corn from appellee for appellant at forty-five cents per bushel to be delivered at Groveland within ten days. He testifies in substance that the sale was absolute and unconditional. Appellee testifies that he sold the corn as above stated with the privileges of rescinding the contract the next day, and that he did so rescind it. There are other items of evidence in relation to the subsequent action of appellee tending to corroborate the version of the contract testified to by Freidinger. On some of these items two or three witnesses contradict the testimony given by appellee. It was purely an issue of fact, and it was the special province of the jury to determine what the contract was and whether it had been rescinded. While we are not fully satisfied with the verdict, the trial judge as well as the jury had a better opportunity to determine the issue of fact. They saw the witnesses and had superior opportunities to pass upon their credibility and the weight to be given to their testimony. We would not be justified in disturbing the verdict upon the merits of the case.

Appellant complains of two instructions given at the instance of appellee. We fail to discover any error in them. The jury was fully and fairly instructed as to the law.

The judgment must be affirmed.

*Affirmed.*